UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN WAYNE THURMAN,

Plaintiff,

v. Case No.: 6:24-cv-01015-NWH

COMMISSIONER OF SOCIAL SECURITY,

Defendant,
_______________________________/

**ORDER**

This cause comes before the Court on Richard A. Culbertson's Request for Authorization to Charge a Reasonable Fee Pursuant to 42 U.S.C. § 406(b) (the "Motion"), filed June 23, 2026. (Doc. 32). Therein, Plaintiff's counsel, Richard A. Culbertson ("Counsel"), requests leave to recover $1,344.42 in attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). (*Id.* at 1). The Commissioner responded to the Motion (Doc. 34) and neither supports nor opposes the award of fees, but notes that the reasonableness determination should be based on the full amount of fees requested, or $4,517.35, not $1,344.42 which represents the full amount of fees reduced by the amount already awarded by the Court under the EAJA. (*See* Docs. 34 at 2-3 and 31). For the reasons set forth below, the Motion is due to be granted.

## I. BACKGROUND

On February 5, 2024, Plaintiff and Counsel entered into a contingency fee agreement (the "Agreement"), whereby Plaintiff agreed that Counsel may seek a fee

of 25% of the total amount of past-due social security benefits awarded to Plaintiff. (Doc. 32-1). Ultimately, the Court reversed the decision of the Commissioner and remanded the case for further administrative proceedings. (Doc. 27). On January 28, 2026, the Court awarded Plaintiff attorney's fees in the amount of $3,172.93 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 31).

On remand, Plaintiff was ultimately awarded past-due Social Security Disability benefits in the amount of $18,069.30. (Doc. 32, ¶ 2; Doc. 32-2). Counsel, thereafter, filed the instant Motion requesting an order authorizing him to charge and collect $1,344.42[1] in attorney's fees from Plaintiff, pursuant to 42 U.S.C. § 406(b). (*Id.* at 2).

## II. STANDARD

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A). The Eleventh Circuit has held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards

[1] As noted above, technically Counsel seeks fees in the amount of $4,517.35, which is 25% of the amount recovered, but requests that the previously awarded EAJA fees in the amount of $3,172.93 be deducted.

the claimant past-due benefits." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006).

## III. DISCUSSION

### A. Fee Award Under § 406(b)

Since Plaintiff was awarded past-due benefits following remand (Doc. 32-2), the Court may award attorney's fees under § 406(b). Counsel requests an award of $1,344.42 in attorney's fees, which is calculated as follows: $4,517.35, which is 25% of the total past-due benefits awarded to Plaintiff, minus the $3,172.93 in EAJA fees paid to Counsel from Plaintiff's past-due benefits in this case. (Doc. 31). In *Jackson v. Commissioner of Social Security*, 601 F.3d 1268, 1274 (11th Cir. 2010), the Eleventh Circuit held that "[a]lthough an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client, the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request." *Id.* Counsel effectuated the refund required by the EAJA by deducting the amount of the earlier EAJA award from the § 406(b) request. (Doc. 32 at 3-4).

### B. Reasonableness of Contingent Fee

To evaluate an attorney's § 406(b) petition, the Court must determine whether the fee requested is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002). In determining whether the amount sought is reasonable, the court may consider the following factors:

> (1) the character of the attorney's representation and the

> result achieved; (2) the number of hours spent representing the claimant and the attorney's normal billing rate; (3) the risk involved in taking claimant's case on a contingency basis; and (4) whether the attorney was responsible for delaying the proceedings.

*See Id.* at 808. *See also Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 65 (N.D. Ga. 2005); *Whitaker v. Comm'r of Soc. Sec.*, No. 6:06-cv-1718-Orl-18KRS, 2008 WL 4710777, at *3 (M.D. Fla. Oct. 23, 2008); *McKee v. Comm'r of Soc. Sec.*, No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *5 (M.D. Fla. Sept. 30, 2008); *Quintana v. Comm'r of Soc. Sec.*, No. 6:18-cv-1267-ORL-LRH, 2020 WL 7865594, at *2 (M.D. Fla. June 1, 2020).

The Agreement demonstrates that Plaintiff agreed to pay attorney's fees equal to 25% of the total of past-due benefits to which he was entitled. (Doc. 32-1). The Commissioner neither supports nor opposes this award of fees. (Doc. 34 at 2). Additionally, Counsel has represented numerous claimants in Social Security cases before the Court and is well-versed in this area of the law. Counsel spent at least 12.6 hours representing the Plaintiff in this case (*See* Doc. 32 at 2). Counsel also recovered a substantial sum of past-due disability payments for Plaintiff. (Doc. 32-2). The Court therefore finds the character of representation and the results achieved to be excellent and there is no evidence that the amount requested constitutes a windfall.[2] After

[2] The total fee, $4517.35, divided by the number of hours expended, 12.6, results in an hourly fee of $358.52, which is approximately $100 per hour greater than EAJA fees awarded in this case (Doc. 31) (awarding fees at a rate of $252.82 per hour) and those typically granted by the undersigned. *See, e.g., Davis v. Commissioner of Social Security*, Case No. 6:25-cv-1955 (M.D. Fla., May 6, 2026) (granting EAJA fees in the amount of $253.90 per hour for work in 2025 and $257.72 in fees for 2026). The EAJA, however, requires a materially different analysis to determine whether a fee is reasonable. It also requires the Court to limit fees in most cases to a statutory rate of $125 per hour plus an adjustment for inflation. On balance, an hourly rate of $385.52 is not unreasonable for this case in this market.

reviewing the Motion, the contingency fee agreement, the character of the representation, and the results obtained, the undersigned finds that an award of $4,517.35 in attorney's fees is reasonable.

## IV. CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** that:

1. Richard A. Culbertson's Request for Authorization to Charge a Reasonable Fee Pursuant to 42 U.S.C. § 406(b) (Doc. 32) is **GRANTED**.
2. Counsel is **AWARDED** $1,344.42 in attorney's fees pursuant to § 406(b) to be paid by the Commissioner from Plaintiff's past-due benefits.

**DONE** and **ORDERED** in Orlando, Florida on July 28, 2026.

NATHAN W. HILL
UNITED STATES MAGISTRATE JUDGE